PROVIDENCE WASH. INS. CO. v. BRUMMELKAMP.

(Circuit Court, N. D. New York.    November 29, 1893.)

1. REFORMATION OF CONTRACTS—MISTAKE—INSURANCE POLICY.
     Where an insurance company is requested to issue a policy like a pre-
     vious one to the same party, and in copying from the prior policy the
     word 'thence" is inadvertently substituted for "there," equity will reform
     the policy to express the intention.
2. MARINE INSURANCE—POLICY—CONSTRUCTION.
     A vessel insured for one year with the provision, "Confined to dredg-
     ing in Shinnecock canal, L. I., with liberty to proceed there via Long

Island sound into Peconic bay," does not cover a loss of the vessel during the year, in Long Island sound, on a voyage from Shinnecock canal to New York.

In Admiralty. Libel by the Providence Washington Insurance Company against Peter J. Brummelkamp for reformation of a policy of insurance, and to restrain the prosecution of an action at law thereon. Decree for complainant.

Carpenter & Mosher, for complainant.
Hyland & Zabriskie, for respondent.

WALLACE, Circuit Judge. The complainant's bill is filed to reform a policy of marine insurance issued by the complainant to the defendant, whereby the defendant's dredge Pioneer was insured for one year against loss for the sum of $4,000, subject to the provisions and warranties contained therein, and to restrain the further prosecution of an action pending at law in this court, brought by the defendant against the complainant to recover the amount insured. The policy, in describing the risk insured, contained this provision: "Confined to dredging in the Shinnecock canal, L. I., with liberty to proceed thence via Long Island sound into Peconic bay." The vessel was lost during the year while in Long Island sound, whence she had proceeded from the Shinnecock canal into Long Island sound on a voyage to the port of New York. The bill of complaint alleges that by a mistake of the scrivener the word "thence" in the provision quoted was substituted inadvertently for the word "there," so that the risk covered by the policy should read "confined to dredging in the Shinnecock canal, L. I., with liberty to proceed there via Long Island sound into Peconic bay."

It is entirely clear that the word "thence" was substituted for the word "there" in the provision by the inadvertence of the scrivener. The complainant had issued to the defendant a policy on the dredge Trojan, of which the defendant was the owner, which dredge at the time was about to go to the Shinnecock canal, and there engage in dredging. The dredge Pioneer subsequently proceeded to Shinnecock canal, to be employed in dredging there, and the defendant was requested by the insurance brokers acting for the defendant to issue a policy upon the Pioneer similar to the one which had theretofore been issued by it upon the Trojan. In copying the provision of the Trojan's policy into the policy upon the Pioneer the word "there" was written "thence." The language of the provision suggests a mistake upon its face, because it is geographically impossible to proceed from the Shinnecock canal through Long Island sound into Peconic bay. The policy upon the Trojan was intended to cover a risk arising not only while the dredge should be employed in the Shinnecock canal, but during her voyage going from the Hudson river through Long Island sound and Peconic bay. It did not extend to a loss which might arise subsequent to the employment of the vessel in dredging in the Shinnecock canal. It was the intention as well of the insured as the

insurer that both policies should cover a similar risk, and the policy upon the Trojan accurately expressed the understanding between the parties. The complainant had no knowledge whether the dredges were to be employed in the Shinnecock canal for a longer or shorter period than a year; but it carefully limited its liability to a loss arising during the employment of the vessels there, or while proceeding there. Very likely the defendant supposed that under a policy worded as this one was intended to be he could recover in case of a loss happening at any time within the year, although after the vessel should cease to be employed in the Shinnecock canal. But he had no justification for such a supposition, because the language of the condition could not warrant it.

There must be a decree for the complainant reforming the policy according to the prayer of the bill, and enjoining the further prosecution of the suit at law.